FILED
DEC - 8 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

AUTONATION, INC.

Defendant.

CIVIL ACTION NO.

JUDGE FILIP

05C 6910

COMPLAINT

JURY TRIAL DEMAND

MAGISTRATE JUDGE COLE

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race, religion and national origin, and to provide appropriate relief to Halit Macit ("Macit") a class of employees who were adversely affected by such practices. Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant AutoNation, Inc. ("Defendant" or "AutoNation") discriminated against Macit by subjecting him to harassment because of his religion and national origin, and a class of employees by subjecting them to harassment because of their race, non-white, and threatening them with termination if they complained about the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant was continuously been doing business in the State of Illinois and the City of Elmhurst, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

**STATEMENT OF CLAIMS**

6. More than thirty days prior to the institution of this lawsuit, Macit filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2002, Defendant engaged in unlawful employment practices in violation of Section 703(a), 42 U.S.C. § 2000e-2(a). Such unlawful employment practices

include: 1) subjecting Macit to harassment because of his religion, Muslim; 2) subjecting Macit to harassment because of his national origin, Turkey; and 3) subjecting a class of affected employees to harassment because of their race, non-white, and threatening them with termination if they complained about the harassment.

8. The result of the practices complained of in paragraph seven (7) above has been to deprive Macit and a class of affected employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race, religion and/or national origin.

9. The unlawful employment practices complained of in paragraph seven (7) were intentional.

10. The unlawful employment practices complained of in paragraph seven (7) above were done with malice or with reckless indifference to the federally protected rights of Macit and a class of affected employees.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race, religion and/or national origin;

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against any employee for participating in protected activity;

C. Order Defendant to institute and carry out policies, practices, and programs which

eradicate the effects of its past and present unlawful employment practices;

D. Order Defendant to make whole Macit and a class of affected employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

E. Order Defendant to make whole Macit and a class of affected employees by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

F. Order Defendant to pay Macit and a class of affected employees punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Diane I. Smason
Supervisory Trial Attorney

Aaron R. DeCamp
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7582